# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

CIVIL ACTION NO. 17-81-DLB

JOSE ADRIAN HERNANDEZ                                      PETITIONER

VS.                  **MEMORANDUM OPINION AND ORDER**

J. RAY ORMOND, Warden                                   RESPONDENT

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Inmate Jose Adrian Hernandez has filed an original and two amended petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1, 5, 10). This matter is before the Court to conduct an initial screening of Hernandez's second amended petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Hernandez's claims cannot be asserted in a petition under 28 U.S.C. § 2241 and they are substantively without merit, the Court will deny the petition.

**I**

In November 2005, Hernandez was indicted in Laredo, Texas for conspiracy to possess with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846, as well as possession with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 841(a)(1). Shortly thereafter, the prosecution filed a notice pursuant to 21 U.S.C. § 851 indicating that Hernandez's sentence was subject to enhancement in light of several prior offenses, including a 1990 Texas conviction for possession of methamphetamine for which a six-year sentence was imposed, as well as a 1996 Texas conviction for possession of heroin for which a five-

year sentence was imposed. Hernandez was therefore subject to a mandatory minimum sentence of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).

Hernandez executed a written plea agreement in which he acknowledged that he was subject to a mandatory minimum sentence of life in prison. In April 2006, consistent with the plea agreement, the government dismissed the conspiracy count and the trial court sentenced Hernandez on the drug trafficking charge to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). Hernandez appealed, but the Fifth Circuit dismissed the appeal as frivolous after his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) indicating that there were no nonfrivolous issues for appeal.

In 2016, Hernandez filed a motion to vacate his sentence under 28 U.S.C. § 2255, seeking relief under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015); *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016); and *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016). The trial court denied the motion, notably rejecting a version of the same argument Hernandez asserts in this proceeding, by holding that *Mathis* and *United States v. Hinkle*, 832 F. 3d 569 (5th Cir. 2016) do not apply to Hernandez's situation "because *Hinkle* focused on the definition of 'controlled substance offense' under U.S.S.G. § 4B1.2, and [Hernandez's] statutory minimum enhancement under § 841(b)(1)(A) refers to 'felony drug offense.'" *United States v. Hernandez*, No. 5: 05-CR-2481-2 (S.D. Tex. 2005).

In his petition, Hernandez argues that the enhancement of his federal sentence pursuant to 21 U.S.C. § 841(b)(1)(A) violates his due process and equal protection rights because his prior convictions were not evaluated as possible predicate offenses using

the same "categorical approach" described in *Mathis*, which is applied to evaluate prior convictions for possible sentence enhancements pursuant to 18 U.S.C. § 924(e)(1).

II

A habeas corpus petition filed pursuant to § 2241 may be used to challenge actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). If a federal prisoner instead wishes to challenge the legality of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition

under § 2241 as yet another "bite at the apple." *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).

To properly invoke the savings clause, the petitioner must be asserting a claim that she is "actual innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which she was convicted in a manner that establishes that her conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

Hernandez's petition must be denied because his claims are not ones of actual innocence, and hence are not cognizable in a § 2241 petition. Hernandez asserts that the enhancement of his sentence pursuant to 21 U.S.C. § 841(b)(1)(A) is unconstitutional because it was not the product of the categorical approach applicable to enhancements under 18 U.S.C. § 924(e)(1). First, this is not a claim based upon statutory interpretation but a constitutional claim, and hence falls outside the purview of § 2241. Second, it is not a claim based upon *Mathis* at all; rather, it is predicated upon the categorical approach, a doctrine established more than a decade before Hernandez's sentence was imposed. *See Taylor v. United States*, 495 U.S. 575, 600-601 (1990); *Shepard v. United States*,

544 U.S. 13, 26 (2005). It is therefore a claim he could and must have asserted before the trial court, upon direct appeal, or in a motion pursuant to 28 U.S.C. § 2255. For these reasons, his claims may not be pursued under 28 U.S.C. § 2241.

Hernandez also challenges not his convictions, but his sentence. The decidedly narrow scope of relief under § 2241 applies with particular force to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Hernandez's claim fails to satisfy at least the first and third requirements. Hernandez was sentenced in April 2006, more than a year after *Booker* was decided and under a discretionary guidelines regime. And as noted above, Hernandez's claims are not based upon any recent Supreme Court decision, but instead challenge the limited applicability of the categorical approach on constitutional grounds, a situation in effect for

5

more than a decade before his sentence was imposed. Hernandez's challenge to his sentence therefore falls outside the limited exception articulated in *Hill* and will be denied.

Finally, Hernandez's claim is wholly without merit. Determining whether a prior conviction was for a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A) may involve a complex assessment of whether the prior offense involved the manufacture, distribution, or possession with intent to do one of these things within the meaning of the statute. Cf. *Hinkle*, 832 F.3d at 572-73. When making that assessment, the categorical approach guides the district court when comparing each of the numerous elements which collectively constitute the underlying offense against the elements of its generic counterpart. See, e.g., *Taylor*, 495 U.S. at 591.

But Hernandez's sentence was not enhanced under this statute. Instead, his sentence was enhanced under the far simpler provision found in 21 U.S.C. § 841(b)(1)(A) because he had previously committed numerous "felony drug offenses." To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs.

Given the breadth of this definition, the use of the categorical approach is neither necessary nor appropriate. See *United States v. Graham*, 622 F.3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) ("[Section] 802(44) only

requires that the state statute criminalize conduct 'relating' to drugs. The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."), *cert. denied*, 525 U.S. 1086 (1999). The more complex analysis described in *Taylor* and *Mathis* is simply not relevant to Hernandez's circumstances. For each of these reasons, Hernandez's petition fails to establish any basis for habeas relief. Cf. *United States v. Smith*, No. 1:12-CR-88-1, 2017 WL 3528954, at *5-6 (W.D. La. July 11, 2017) (rejecting the exact argument pressed here and correctly noting that "[t]he categorical approach in *Moncrieffe* and *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44).") (citing *United States v. Wing*, No. 5:13-CR-87-JMH, 2016 WL 3676333, at *2 (E.D. Ky. 2016)).

Accordingly, **IT IS ORDERED** as follows:

(1) Hernandez's original and amended petitions for a writ of habeas corpus (Doc. # 1, 5, 10) are **DENIED**.

(2) The Court will enter a Judgment contemporaneously with this Order.

(3) This matter is **DISMISSED** and **STRICKEN** from the docket.

This 18th day of September, 2017.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\Hernandez 17-81-DLB Memorandum RBW.docx